IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE:   V.R. KING CONSTRUCTION, LLC    ) | |
| ) | |
| DEBTOR                                                            ) | CHAPTER 11 CASE NO.:  18- 31635 |
| ) | |
| Y2 YOGA COTSWOLD, LLC                           ) | |
|           Plaintiff,                                                 ) | |
| ) | ADV. PROC. NO.: 19-03047 |
| V.                                                                          ) | |
| VINROY W. REID,  V.R. KING                     ) | |
| CONSTRUCTION, LLC                                   ) | |
| A. BURTON SHUFORD CHAPTER 7 TRUSTEE  ) | |
| FOR V.R. KING CONSTRUCTION, LLC    ) | |
| AND VINROY REID                                       ) | |
| ) | |
|           Defendants.                                           ) | |

## STATEMENT OF ISSUES ON APPPEAL

NOW COMES, Appellant, shows unto this Court its Statements of Issues on Appeal and states as follows:

　　　　　The Statement of Issues on Appeal includes the following:
***MOTION REQUESTING RECONSIDERATION OF MEMORANDUM OPINION AND ORDER GRANTING IN PART PLAINITFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANTS' MOTION TO DISMISS, MOTION FOR JUDGMENT ON THE PLEADINGS AND ALTERNATE MOTIONS FOR SUMMARY JUDGMENT; DEFERRING RULING ON CERTAIN ISSUES PERTAINING TO 11 U.S.C. 506(B) AND SETTING DEADLIENS FOR FILINGS OF PROOF OF CLAIMS AND ANY OBJECTION THERETO***

1. Whether the Court erred when its findings of facts did not include the fact that Y-2 Yoga Cotswold, LLC incorporated the alleged construction contract and the indemnity provision into its pleadings and counts for breach of contract. See Amended Complaint, 14-CVS-23138 ¶¶ 23-27 (Breach of Contract Count), specifically ¶ 27 ("Y-2 Yoga demands interests costs and attorneys' fees in accordance with provisions of the Contract and applicable law"), filed on or about January 27, 2015.  In addition, in their second lawsuit which was filed after the first lawsuit was dismissed, the Second Amended Verified Complaint 16-CVS-23179. Plaintiff, specifically seeks payment of all

other amounts it is entitled to under the construction contract terms and applicable law, including but not limited to interest, costs, and attorneys' fees, filed on or about March 6, 2018. Since the Court took judicial notice of the state court lawsuits, VR King believes it's important for this Court, and any orders of this Court, to acknowledge and distinguish the attorney fees that were derived from the first law suit 14-CVS-23138 (Horack Talley attorney fees) where no judgment was rendered and the second law suit where a judgment was rendered 16-CVS-23179.

a. Whether the Court erred in its conclusion of law that an indemnity clause applied to the facts of this case when clause contained the following language: "notwithstanding anything to the contrary contained herein, the foregoing indemnity shall apply to those third-party claims arising from General Contractor's oversight or negligence pertaining to operational. Legal or financial matters."

b. Whether the Court erred when it misconstrued the right to be indemnified for attorney fees as the equivalent of the right to a hearing to determine whether attorney fees should be awarded based upon an indemnification clause.

c. Whether the Court erred when it concluded as a matter of law that Plaintiff's claim for attorney fees did not accrue until date of Judgment February 2019 when the Jury awarded Plaintiff damages in excess of $396,000.00 in November 2019.

d. Whether the Court erred in concluding as a matter of law as noted in footnote 6 that "While Ivester refers to a lis pendens, see 398 B.R.. at 419 this Court concludes that reference to lis pendens is a reference to the entries of levies pursuant to the Order of attachment on the lis pendens docket and not a separate lis pendens.

e. Whether the Court erred when it did not address Plaintiff's affirmative defenses including lack of jurisdiction and/or mandatory abstention.

f.  Whether the Court lacked jurisdiction to litigate attorney fees derived from state court proceedings of non-cire claims when litigating attorney fees is not a core proceeding as defined by the Bankruptcy Code.

g.  Whether the Court erred when it failed to take into account the affidavit of Attorney Christopher Campbell VR King, state court legal counsel for Appellant-Defendant who litigated the matter against David Guidry.

h.  Whether the Court erred when it concluded that with respect to Plaintiff's third claim for relief when it allowed Plaintiff's indemnity claims for legal fees pursuant to the indemnity agreement and 11 U.S.C. §506(b).

i.  Whether the Court erred when the Court ruled that the indemnification provision in the Construction Agreement is a reciprocal attorney fees provision.

j.  Whether the Court erred when it did not find that the construction agreements indemnity generally relates to liability for derivative fault (i.e. an obligation to a third party),

k.  Whether the Court erred when it did not find that indemnity provision is invalid and unenforceable because the first sentence of the indemnity provision is barred under N.C. Gen. Stat. § 22B-1 (2015). Under this statute, a party is not entitled to indemnity for its own fault in part or in whole. If the indemnity provision is taken on its face, the first sentence purports to hold either party harmless for "any alleged breach," which necessarily includes alleged breaches of contract asserted by the Reid Defendants against Plaintiff in 2014. As drafted, this provision is overly broad and purports to hold both parties harmless for "any alleged breach." As drafted, the agreement is void on its face. In either event, the "alleged breach" requirement in the indemnity provision either makes the provision void on its face and/or it triggered Plaintiff alleged indemnity and hold harmless claim back in 2014 without the need for a judgment to determine "breach of contract" in 2018.

l. Whether the Court erred when it ignored the second sentence of the indemnity provision in its analysis of the legality of the indemnity provision. The second sentence clearly explains how an indemnity agreement is intended to operate within the context of a construction project concerning derivative liability. The sentence reads, "Notwithstanding anything to the contrary contained herein, **the forgoing indemnity shall apply to those third party claims** arising from General Contractor's oversight or negligence pertaining to operational, legal and/or financial matters." (emphasis added).

m. Whether the Court erred when severed the second sentence from the first sentence in the indemnity agreement which reads as follows: "the forgoing indemnity," in direct reference to the preceding indemnity clause. But, even if there is an argument that it could be severable, or a court decides to "blue-pencil" the paragraph to save the preceding provision, the second sentence demonstrates the intent of the parties. And, the intent is consistent with derivative liability in the context of the construction industry.

n. Whether the Court erred when it ignored a frequently cited cases for the application of N.C. Gen. Stat. § 6-21.6 is <u>Legacy Data Access, Inc. v. Cadrillion</u>, LLC, <u>889 F.3d 158, 162</u> (4th Cir. 2018) (applying North Carolina substantive law).

o. Whether the Court erred when it concluded that with respect to the Plaintiffs first claim for relief (validity and perfection of Plaintiffs' attachment liens) and the second claim for relief (Plaintiff's attachment liens have priority over the Trustee's rights and are not avoidable by the Trustee)

p. Whether the Court erred when it ruled the attachments were valid and enforceable after the Jury rendered a verdict against Plaintiff for all of its fraud claims, including but not limited to fraudulent transfers, against the Defendant VR King.

q. Whether the Court erred when it ruled that the indemnification agreement entitled Plaintiff litigate its right to attorney fees in bankruptcy court. Appellant believes the Court misconstrued the purpose of the indemnification provision in the construction

contract.

r. Whether the Court erred it ruled that the Plaintiff's indemnification claim is a valid claim entitling Plaintiff to attorney fees and was not barred by res judicata, collateral estoppel and the doctrine of merger.

s. Whether the Court erred when it denied Appellant's argument under the doctrine of merger. However, VR King believes that the Court's failure to address the doctrine of merger argument is grounds for the Judge's Opinion & Order being set aside. The Court refers to Debtor's claim that the doctrine of merger bars the indemnity claims, and does not allow claims splitting. Moreover, the Court notes in a footnote that Creditor included a request for attorney fees in in its complaint. As such, the court should have considered the doctrine of merger as it relates to all claims that were pled in the Plaintiff's state court complaint and subsequent state court Judgment.

t. Whether the Court erred based upon the Bankruptcy Court's "Order Conditionally Granting Plaintiff's Motion for Relief from Stay" (hereinafter MFRS ) this court lacks subject matter jurisdiction to hear any matters related to the contract which was the basis of the state court lawsuit. Defendant alleges that Bankruptcy Court was required to and did in fact abstain from hearing any matters related to the state court law suit based upon 28 U.S.C. § 1334(c)(1).

This the 18th day of March, 2021,

                                            THE LEWIS LAW FIRM, PA.

                                            /s/Robert Lewis, Jr.
                                            ROBERT LEWIS, JR.
                                            Attorney for Debtor
                                            NC Bar # 35806
                                            PO B0x 1446
                                            Raleigh, NC  27602
                                            Telephone: 919-719-3906

Facsimile: 919-5739161
rlewis@thelewislawfirm.com

**UNITED STATES BANKRUPTCY COURT**
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: V.R. KING CONSTRUCTION, LLC ) | |
| ) | |
| DEBTOR ) | CHAPTER 11 CASE NO.: 18- 31635 |
| ) | |
| Y2 YOGA COTSWOLD, LLC ) | |
| Plaintiff, ) | |
| ) | ADV. PROC. NO.: 19-03047 |
| V. ) | |
| VINROY W. REID, V.R. KING ) | |
| CONSTRUCTION, LLC ) | |
| A. BURTON SHUFORD CHAPTER 7 TRUSTEE ) | |
| FOR V.R. KING CONSTRUCTION, LLC ) | |
| AND VINROY REID ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I this day have served a copy of former Counsel for the Debtor's

**STATEMENT OF ISSUES ON APPEAL**

      To all the other parties listed below electronically via CM/ECF, e-mail or by depositing a copy thereof in an envelope bearing sufficient postage in the United States mail, as indicated below, this 18th day of March, 2021.

Shelley K. Abel
Bankruptcy Administrator  (via ECF)
402 West Trade Street
Suite 200
Charlotte, NC 27601
Tel: 704-3507590
Fax: 704-344-6666

James H. Henderson (via ECF)
1120 Greenwood Cliff
Charlotte NC 28202-2826
Tel: 704-333-3444
Fax: 704-333-5003

A.Burton Shuford (via ECF)
4700 Lebanon Road, Suite A-2
Mint Hill, NC 28227
Tel:  (980) 321-7005
Fax: (704) 943-1152

Vinroy W. Reid  (via U.S. Mail)
P.O. Box 5035
Charlotte, North Carolina 28229

This the 18th day of March, 2021.

                                                THE LEWIS LAW FIRM, PA.

                                                /s/Robert Lewis, Jr.
                                                ROBERT LEWIS, JR.
                                                Attorney for Debtor
                                                NC Bar # 35806
                                                PO Box 1446
                                                Raleigh, NC  27602
                                                Telephone: 919-719-3906
                                                Facsimile: 919-5739161
                                                rlewis@thelewislawfirm.com
                                                N.C. State Bar no: 35806