UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00094-MOC

| | | |
|---|---|---|
| **IN RE: V.R. KING CONSTRUCTION, LLC** | ) | |
| | ) | |
| **V.R. KING CONSTRUCTION, LLC** | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | **ORDER** |
| Vs. | ) | |
| | ) | |
| **Y2 YOGA COTSWOLD, LLC ET AL.,** | ) | |
| | ) | |
| Appellees. | ) | |

**THIS MATTER** is before the Court on a Memorandum to the District Court from the Bankruptcy Clerk (#3), notifying the Court that a transcript had not been ordered by Appellant pursuant to Federal Bankruptcy Rule 8009(b). The Court issued an order instructing Appellant to order a transcript pursuant to Federal Bankruptcy Rule 8009(b) and submit a statement to this Court explaining his initial failure to do so by May 21, 2021. (#4). Appellant complied with that order and submitted a statement explaining why he failed to order a transcript on time. (#6). The Court now considers whether Appellant's failure to comply with Federal Rule of Bankruptcy Procedure 8009 warrants dismissal of the appeal under Federal Rule of Bankruptcy Procedure 8003(a).

Federal Rule of Bankruptcy Procedure 8009(a)(1) requires an appellant to "file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within fourteen (14) days after the appellant files his notice of appeal. Rule 8009(b)(1) also requires the appellant to order, within fourteen (14) days of filing the notice of appeal, "a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk; or file with the bankruptcy clerk a certificate stating that the appellant is not

ordering a transcript." Rule 8003(a)(2) states that a "failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is grounds only for the district court or BAP to act as it considers appropriate, including dismissing the appeal." Therefore, "[i]f an appellant violates one of the rules of bankruptcy procedure, the district court may dismiss the appeal." <u>In re Weiss</u>, 111 F.3d 1159, 1173 (4th Cir. 1997).

Before a district court may dismiss an appeal pursuant to Rule 8003(a), "it must take at least one of the following steps: 1) make a finding of bad faith or negligence; 2) give the appellant notice and an opportunity to explain the delay; 3) consider whether the delay had any possible prejudicial effect on the other parties; or 4) indicate that it considered the impact of the sanction and available alternatives." <u>Id.</u> The Fourth Circuit has observed that "the sanction of dismissal for failure to comply with a non-jurisdictional, procedural guideline ... [is] a harsh sanction which a district court must not impose lightly." <u>In re Serra Builders, Inc.</u>, 970 F.2d 1309, 1311 (4th Cir. 1992). However, an appellant's negligent failure to comply with procedural requirements may lead to dismissal of the entire appeal. <u>Id.</u>

Here, Appellant explained in his statement that the transcripts were ordered by Appellant on April 5, 2021, and they were filed with the Bankruptcy Court in the base bankruptcy case 18-31635 on April 23, 2021, Docket Nos. 323, 324, 325 & 326. Appellant is not sure why the transcripts were filed in the base case and not in the Adversary Proceeding case No. 19-3047 where the order that is being appealed was entered.

Furthermore, Appellant asserts that he failed to order a transcript as provided by Rule 8009(b)(1) because he was out of the office caring for a sick family member. Appellant contends that he was distracted by his family member's serious health issues and as a result improperly calendared the deadline for ordering the transcript. Additionally, Appellant asserts that he is a solo practitioner and was short-staffed as a result his paralegal being forced to quarantine due to her exposure to COVID 19. Appellant contends that as a solo practitioner he relies heavily on his

support staff and, as a result of COVID 19, he has been forced to operate short-staffed. Appellant avers that in normal times he timely files his pleadings and rarely misses deadlines but, due to the COVID 19 pandemic, his law practice has struggled to remain operating efficiently due to staff illnesses resulting in staff being out of the office. Appellant further avers that he properly and timely filed the notice of appeal, statement of issues and record on appeal; however, due to an oversight, he failed to properly calendar and timely file the transcript request.

Based on Appellant's explanation, the Court will not dismiss this case. It is clear that Appellant did not file the appeal in bad faith, nor was he negligent, as Appellant properly and timely filed the notice of appeal, statement of issues, and record. See In re Weiss, 111 F.3d at 1173. The Court also holds that any delay was non-prejudicial to the parties, as the transcript has been ordered and delivered to the Court. See id. Dismissal of the appeal would be a very harsh sanction, but the Court admonishes Appellant with a stern warning to follow all deadlines in this case moving forward. See In re Serra Builders, Inc., 970 F.2d at 1311. Furthermore, the Court believes it would be in the interest of justice to allow Appellant to have his Appeal heard on the merits of the case.

## ORDER

**IT IS, THEREFORE, ORDERED** that Appellant shall be permitted to proceed with the case and have his arguments heard on the merits of the case.

Signed: June 10, 2021

Max O. Cogburn Jr.
United States District Judge